[No. 10234.   Department Two.   May 24, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Ernest Hoppe et al., Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Defendants*.[1]

COURTS—JURISDICTION OF SUPREME COURT—PROHIBITION—TO COURTS —WHEN LIES. The supreme court has no original jurisdiction to grant a writ of prohibition to prevent a receiver's sale of property pursuant to an order of the superior court, upon the claim that the relator is the owner of the property, in the absence of any attempt by the relator to exhaust his remedies in the court below.

Application filed in the supreme court March 9, 1912, for a writ of prohibition to restrain a receiver's sale, pursuant to an order of the superior court for Pierce county, Easterday, J. Denied.

[1]Reported in 123 Pac. 786.

*H. W. Lueders,* for relators.

*Huffer, Hayden & Hamilton,* for defendants.

PER CURIAM.—Sometime in the year 1909, certain persons residing in Pierce county organized a cooperative company, called the "Home Grocery Company," for the purpose of conducting a grocery store for the benefit of its members, near Lakebay, in that county. The business was not successful financially, and soon became indebted in considerable sums to the wholesale dealers in groceries, and to certain of its members. On March 25, 1911, the defendant Engvall, then a member of the company, brought an action against his co-members having for its object the dissolution of the company and the subjecting of its property to the payment of its debts. To this action, all of the persons then members of the company were made parties, and all were served with summons. In due time certain of the defendants appeared and made answer to the complaint, putting in issue certain allegations of fact therein alleged.

While the cause was pending for trial, the Tacoma Association of Credit Men filed a petition for leave to intervene in the action, claiming to be the owner and holder of sundry claims against the grocery company, assigned to it by dealers who had sold groceries to the company on credit. Leave was granted and a complaint in intervention was filed. Later on the complaint was withdrawn, and an independent action was begun against the members of the company on the same claim, in the name of the association. This latter action was prosecuted to judgment on August 9, 1911, and later on certain property of the grocery company was purported to be sold under an execution issued on the judgment.

On October 2, 1911, the action first mentioned was brought on for trial, and at the conclusion of the same, the court appointed a receiver for the company's property, directed him to take possession thereof forthwith and report the condition of the affairs of the concern to the court. The re-

ceiver appointed immediately qualified, and without protest from any one, took possession of the property theretofore belonging to the company, and thereafter continuously retained the same in his possession. On January 3, 1912, the court entered a decree dissolving the grocery company, and directing that its property be sold by the receiver and the proceeds applied in payment of its debts, adjudging that there was due the plaintiff Engvall the sum of $1,050 and interest, and one Nathan Levin the sum of $700, being the sum due the dealers purported to be represented by the above mentioned association of credit men. Thereafter the receiver, pursuant to the order, proceeded to sell the property in his possession, whereupon the relator, claiming to be the owner of the property in virtue of the sale under the judgment taken in the name of the Tacoma Association of Credit Men, sought a writ of prohibition out of this court to restrain him from so doing.

From the foregoing state of facts, it is manifest that the writ must be denied. The relator's remedy, if any he has, lies in the court of original jurisdiction. If the purported sale under which he claims title is valid, doubtless the court below will give him the desired relief; at any rate, it will be time enough to apply to this court after he has exhausted his remedies in the lower court. For us to entertain this proceeding now would be to make this court a court of original jurisdiction to determine the rights of property, instead of a court of review, as the constitution has made it in such cases. The writ applied for will be denied, and the temporary writ heretofore issued will be quashed.